IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD EGANA, SAMANTHA EGANA, and TIFFANY BROWN, on behalf of themselves and those similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>BLAIR'S BAIL BONDS, INC., et al.,<br><br>　　Defendants. | Civil Action No. 2:17-cv-5899<br><br>Hon. Jane Triche Milazzo<br>Section "H"<br>Hon. Daniel E. Knowles (M-3)<br><br><br>Class Action |

**MEMORANDUM IN SUPPORT OF MOTION TO PROHIBIT
IMPROPER COMMUNICATIONS BETWEEN PLAINTIFFS'
COUNSEL AND POTENTIAL CLASS MEMBERS UNDER LOCAL RULE 23.1(D)**

Before a class is certified, proper communications between counsel and potential class members are not absolutely barred. However, courts have properly restricted such communications where they are misleading, abusive or coercive. *See, e.g., Gulf Oil v. Bernard*, 452 U.S. 89, 100-102 (1981); *Barlow v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 30704, *8-9 (M.D. La. March 6, 2013); *In re Katrina Canal Breaches Consol. Litig*, 2008 U.S. Dist. LEXIS 112504, *11, 12 (E.D. La. Sept. 22, 2008). Local Rule 23.1(D)(1) expressly allows for orders prohibiting improper communications, stating:

> Whenever a party or counsel seeks to prohibit another party or counsel from communicating concerning a class action with any potential or actual class member not a formal party to the action, he or she must file a motion that sets forth with particularity the consequences that will result from such communication and the remedy sought.

*See also* Federal Rule of Civ. Proc. 23(D) (empowering the court to issue orders to handle procedural matters, including communication with class members).

Here, plaintiffs' counsel's contacts with at least one potential class member (and

3100203-1

probably many more) through their agents were improper, and this Court should prohibit such contacts in the future.  Ms. Keisha Edwards obtained two bail bonds through the Blair's Defendants and wore an ankle monitor, pursuant to a Court order.  On February 21, 2018, two agents of the Southern Poverty Law Center approached Ms. Edwards at her residence.  The encounter was neither announced in advance, nor invited.  *See* Exhibit 1 (Affidavit of Keisha Edwards).  The two agents continually questioned Ms. Edwards about the Blair's Defendants' alleged overcharging, kidnapping and extortion of clients, and kept pushing even after Ms. Edwards told them that no such events occurred in her case.  *See id.*  The agents encouraged her to join as a formal plaintiff in the lawsuit.  *See id.*  The agents told her that she could be paid if she joined the lawsuit.  Ms. Edwards felt pressured and intimidated by the encounter. *See id.* This encounter was captured by Ms. Edwards' home video camera. *See id; see also* Exhibit 2 (video screenshot).

Prior to February 21, 2018, Ms. Edwards had no contact with any of the plaintiffs in this case or the Southern Poverty Law Center.  *See* Exhibit 1.  She had no information concerning the lawsuit when the two representatives from the Southern Poverty Law Center appeared at her door. *See id.*

The Southern Poverty Law Center's agents also provided Ms. Edwards with a letter, which states in part, and in bold print, that Blair's Bail Bonds and Alternatives 2 Incarceration (A2i) "**charged clients hidden and illegal fees** and even **sent armed bounty hunters to kidnap clients and extort money from their friends and family**."  *See* Attachment "A" to Exhibit 1.  Those statements are misleading and inflammatory.  Southern Poverty Law Center lawyers know that persons who do not pay on their bail bonds may be arrested for various reasons, including non-payment of the premium.  *See, e.g.,* La. Rev. Stat. 22:1585 and La. Code Crim. Proc. Arts.

2

311 and 345.  This is not "kidnapping" as Southern Poverty Law Center's inflammatory letter states.  The Blair's Defendants also never charged hidden or illegal fees or "extorted" money from clients' friends or family members.  Finally, the letter invites potential class members to call Southern Poverty Law Center.

The extent of such conduct by plaintiffs, their counsel and their agents is unknown.  However, it is reasonable to believe that the Southern Poverty Law Center actively sought out and visited other potential class members and disseminated written materials to them, in the same or similar manner as done to Ms. Edwards.

These contacts are the types of improper conduct that Local Rule 23.1(D) is designed to prevent, and this Court should not allow such improper contacts to continue.  The Southern Poverty Law Center should not be allowed to actively seek out putative class members and provide misleading information to them in order to coerce them into saying that they were somehow wronged by the Blair's Defendants and that they were the victims of kidnapping or extortion in order to add them as formal plaintiffs.

Moreover, Southern Poverty Law Center's contacts with Ms. Keisha Edwards (and presumably other potential class members), likely violated the Louisiana Rules of Professional Conduct concerning solicitation.  Louisiana Rule of Professional Conduct 7.4 provides, in pertinent part, as follows:

> (a)  *Solicitation*.  Except as provided in subdivision (b) of this Rule, a lawyer shall not solicit professional employment from a prospective client with whom the lawyer has no family or prior lawyer-client relationship, in person, by person to person verbal telephone contact, through others acting at the lawyer's request or on the lawyer's behalf or otherwise, when a significant motive for the lawyer doing so is the lawyer's pecuniary gain.  A lawyer shall not permit employees or agents of the lawyer to solicit on the lawyer's behalf. … [1]

---

[1] Louisiana Rule of Professional Conduct 7.4(b) relates to unsolicited communications, as well as certain written communications not applicable here.

In addition, Local Rule 83.2.3 provides that all attorneys should adhere to the rules of professional conduct of the Louisiana State Bar Association.

Southern Poverty Law Center had absolutely no relationship with Ms. Edwards – attorney-client or otherwise – when their agents approached her, uninvited on February 21, 2018 at Ms. Edwards' residence.  Prior to a class being certified, there is no attorney-client relationship between plaintiff's counsel and respective class members.  *See, e.g., In re Katrina Canal Breaches Consol. Litig.,* 2008 U.S. Dist. LEXIS 112504, *10-12 (E.D. La. Sept. 22, 2008) (citing ABA Commission on Ethics and Professional Responsibility, Formal Opinion 07-445, at 3, which provides in part "A client-lawyer relationship with a potential member of a class does not begin until the class has been certified and the term for opting out by a potential member of the class has expired.  If the client has neither a consensual relationship with a lawyer nor a legal substitute for consent, there is no representation.  Therefore, putative class members are not represented parties for purposes of the model rules prior to certification of the class and the expiration of the opt out period.").  Because Southern Poverty Law Center lawyers did not represent and had no relationship with Ms. Edwards when their agents approached her and encouraged her to join as a named plaintiff in this lawsuit, it appears that the Southern Poverty Law Center violated Louisiana Rule of Professional Conduct 7.4.

## CONCLUSION

Defendants Blair's Bail Bonds, Inc. and New Orleans Bail Bonds, LLC request an order under Local Rule 23.1, which prohibits plaintiffs, their counsel and agents from (1) visiting potential class members in person or contacting them by telephone without being invited to do so by the potential class member; (2) coercing potential class members to join as named plaintiffs in the existing lawsuit; or (3) providing written materials to potential class members without prior

approval of the language in the written materials by this Court.

        Respectfully submitted,

        CHAFFE McCALL, L.L.P.

        By: */s/ Walter F. Becker, Jr.*
            WALTER F. BECKER, JR. #01685
            CHARLES P. BLANCHARD #18798
            NICOLE C. KATZ #35857
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, LA  70163-2300
        Telephone: 504-585-7000
        *Attorneys for Blair's Bail Bonds, Inc.*
        *and New Orleans Bail Bonds, LLC*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system this 23rd day of February, 2018.

        */s/ Walter F. Becker*

3100203-1