UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD EGANA ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-5899** |
| **BLAIR'S BAIL BONDS INC. ET AL.** | **SECTION "H"** |

## ORDER

Before the Court is Defendants' Motion to Prohibit Improper Communications Between Plaintiffs' Counsel and Potential Class Members Under Local Rule 23.1 (Docs. 92, 95). Local Rule 23.1(D) states that:

> 1. Whenever a party or counsel seeks to prohibit another party or counsel from communicating concerning a class action with any potential or actual class member not a formal party to the action, he or she must file a motion that sets forth with particularity the consequences that will result from such communication and the remedy sought.
> 2. To obtain an order prohibiting communication with class members, the movant must establish a clear record reflecting: (a.) specific consequences the motion seeks to prevent; (b.) the need for the order, weighing the consequences sought to be corrected and the effect of the order on the right of a party to proceed pursuant to Rule 23 without interference.

Defendants ask this Court to restrict communication between Plaintiffs' counsel and potential class members after at least one incident in which Plaintiffs' counsel visited a potential class member at her home and left her with a letter that Defendants characterize as inflammatory and misleading. Defendants complain that this communication was coercive and damaging to

their reputation. They ask this Court to enter an order prohibiting Plaintiffs from (1) visiting potential class members in person or contacting them by telephone without being invited to do so by the potential class member; (2) coercing potential class members to join as named plaintiffs in the existing lawsuit; or (3) providing written materials to potential class members without prior approval from this Court.

The Supreme Court has stated that an order limiting communications between counsel and potential class members must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties" and "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). "Communications that misrepresent the status or effect of the pending action . . . have been found to have a potential for confusion and/or to adversely affect the administration of justice. . . . Communications found violative of the principles of Rule 23 include misleading communications to the class members concerning the litigation." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2002 WL 272384, at *3 (E.D. La. Feb. 25, 2002).

Accordingly;

**IT IS ORDERED** that Defendants' Motion is **GRANTED IN PART**. Defendants have shown that Plaintiffs gave a misleading letter to at least one potential class member. All future written communications between potential class members and either party must be submitted to this Court for approval prior to dissemination.

**IT IS FURTHER ORDERED** that Defendants' remaining requests are **DENIED** as overbroad.

**IT IS FURTHER ORDERED** that the revised communication suggested by Plaintiffs and filed as Record Document 96-2, page 7 is **APPROVED** for dissemination to potential class members.

New Orleans, Louisiana this 22nd day of March, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**