UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD EGANA, SAMANTHA EGANA, and TIFFANY BROWN, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BLAIR'S BAIL BONDS, INC., NEW ORLEANS BAIL BONDS, L.L.C., BANKERS INSURANCE COMPANY, INC., BANKERS SURETY SERVICES, INC., BANKERS UNDERWRITERS, INC., A2i, L.L.C., ALTERNATIVE TO INCARCERATION, INC., and ALTERNATIVE TO INCARCERATION NOLA, INC.,<br><br>Defendants. | CIVIL ACTION NO. 2:17-cv-5899<br><br>HON. JANE TRICHE MILAZZO<br><br>SECTION "I"<br><br>HON. DANIEL E. KNOWLES (M-3) |

**BANKERS INSURANCE COMPANY, INC., BANKERS
SURETY SERVICES, INC., AND BANKERS UNDERWRITERS, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Defendants, Bankers Insurance Company, Inc. ("**Bankers Insurance**"), Bankers Surety Services, Inc. ("**Bankers Surety**"), and Bankers Underwriters, Inc. ("**Bankers Underwriters**") (collectively, the "**Bankers Entities**"), through their undersigned counsel and pursuant to Rule 34, Federal Rules of Civil Procedure, requests the Plaintiffs, Ronald Egana, Samantha Egana, and Tiffany Brown produce within thirty (30) days from the date of service of this Request each of the documents itemized below, which are in Plaintiffs' possession, custody, or control, or are otherwise available to Plaintiffs.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms are defined as follows:

1

EXHIBIT A

1. The terms "you" and "your" refer to the person(s) to whom this Request for Production of Documents is directed as well as his or her, or each of their, agents, representatives, and persons acting on his, her, or their behalfs, including your attorneys.

2. The term "Plaintiffs" refers collectively to the Plaintiffs, Ronald Egana, Samantha Egana, and Tiffany Brown.

3. The term "Bankers Entities" refers collectively to the Defendants, Bankers Insurance Company, Inc., Bankers Surety Services, Inc., and Bankers Underwriters, Inc., along with any of their employees, agents, attorneys, departments, and all other persons acting or purporting to act on their behalf.

4. The term "Defendants" refers collectively to all of the Defendants, Blair's Bail Bonds, Inc., New Orleans Bail Bonds, L.L.C., Bankers Insurance Company, Inc., Bankers Surety Services, Inc., and Bankers Underwriters, Inc., A2i, L.L.C., Alternative to Incarceration, Inc., and Alternative to Incarceration NOLA, Inc., along with any of their employees, agents, attorneys, departments, and all other persons acting or purporting to act on their behalf.

5. The term "Amended Complaint" shall refer to ECF No. 26 filed in this action on September 12, 2017.

6. The term "Subject Bond" refers to the bail bond that is the subject of the Amended Complaint.

7. The term "Lawsuit" refers to this case now pending in the Eastern District of Louisiana, Case No. 2:17-cv-5899.

8. The term "person" and/or "persons" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

9. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

10. The words "relating to" mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

11. The word "reflecting" means concerning, respecting, referring to, summarizing, digesting, demonstrating, embodying, reflecting, proving, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, tending to show, tending not to show, describing, analyzing, representing, calling into question, constituting or including.

12. The words "communication" or "communications" shall refer to and shall include, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of oral, written, typed, or recorded utterance.

13. The words "document" or "documents" shall refer to and shall include, without limitation and in the singular as well as in the plural, all **communications**, any written, typed, printed, recorded or graphic material, however produced, reproduced or stored, including, but not limited to, all notes, e-mails, text messages, memoranda, reports and correspondence, letters, postcards, telegrams, intraoffice and interoffice communications, correspondence, handwritten or typewritten notes, text messages and any other kind of instant messaging communication (e.g. iMessage, Skype Messenging, Facebook messaging, Slack, etc.), electronic mail, "chat" communications, social media postings, pamphlets, diaries, records of every kind, sound and video recordings, transcripts or sound recordings, contracts, bills, agreements, messages, minutes, telegrams, memorandums, memorandums of conferences or telephone conversations, study list, compliance of data, papers, books, records, pictures, photographs, catalogs, price lists, financial statements, books of account, journals, ledgers, purchase orders, invoices, indices, data processing cards, other data processing materials, data sheets, tapes and all other tangible things upon which are handwriting, typing, printing, drawing, representative, photostatic or other copies, magnetic or electronic impulse or other forms of communication is recorded or reproduced and all copies (except for identical copies) and drafts thereof, as well as any responses and replies thereto. Any copy containing these, or any other alterations, notes or comments not included on any original shall not be deemed an identical copy but shall be deemed a separate document within the foregoing definition.

14. Without limitation of the term "control" as used in the preceding sentences, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from any person or public or private entity having actual physical possession thereof. If any document requested was, but is no longer in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or dates, or approximate date or dates, on which disposition was made.

15. The word "produce" means to make available the documents requested herein for inspection and copying and to separate such documents into the categories set forth in this request.

16. If you decline to produce any documents requested hereinafter on the basis of any privilege known in the law, you shall, at the time of production designated herein, as to each such document, provide Plaintiff with the following written information pertaining to such document:

      (a) its date or, if not dated, the date it was prepared or received;
      (b) the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction);
      (c) the author and addressee;
      (d) its present location;

      (e)      the identity and address of the individual or person presently custodian thereof;
      (f)      a general description of its contents;
      (g)      the number of pages thereof;
      (h)      the identity of each person who received a copy of such document and the relationship of such person to you;
      (i)      whether such document contains or relates to facts or opinions, or both; and
      (j)      the exact nature of the privilege that you claim with respect to such document.

17.    If you are seeking to avoid production based upon any privilege, provide a privilege log consistent with the requirements of the Federal Rules of Civil Procedure 34.

18.    The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## **DOCUMENTS TO BE PRODUCED**

1.    All documents that you have identified or will identify as required by Rule 26(a)(1)(A), Federal Rules of Civil Procedure.

2.    All documents that you (Ronald Egana, Samantha Egana and Tiffany Brown as applicable) have identified or will identify in your answers to the First Set of Interrogatories directed to you and served contemporaneously with this Request for Production of Documents and all documents that you reviewed or from which you derived information in answering those interrogatories.

3.    All documents relating to any bail bond ever issued on which you were the principal, indemnitor, and/or guarantor.

4.    All documents relating to the Subject Bond.

5.    All documents relating to the procurement and/or negotiation of the Subject Bond.

6.    All documents reflecting any of your obligations under Subject Bond including, but not limited to, your obligation to repay or indemnify any party.

7. All documents reflecting any amount(s) charged for the Subject Bond including, but not limited to, all amounts you or any other person paid relating to the Subject Bond.

8. All documents reflecting any amount(s) you were charged for the three bail bonds identified in paragraph 66 of your Amended Complaint including, but not limited to, all amounts you or any other person paid relating to the Subject Bond those three bonds.

9. All documents between or among Ronald Egana, Samantha Egana, Tiffany Brown, and/or any third party relating to the Subject Bond.

10. All documents between or among Ronald Egana, Samantha Egana, Tiffany Brown, and/or any third party relating to any of the Defendants.

11. All documents between or among Ronald Egana, Samantha Egana, Tiffany Brown, and/or any third party relating this Lawsuit.

12. All documents between or among Ronald Egana, Samantha Egana, Tiffany Brown, and/or any third party relating to any arrest for which any bail bond was issued by Blair's Bail Bonds, Inc. or New Orleans Bail Bonds, L.L.C.

13. All documents relating to any of the Bankers Entities including, but not limited to, all documents between you or anyone on your behalf, and any of the Bankers Entities.

14. All documents relating to any of the Defendants including, but not limited to, all documents between you or anyone on your behalf, and any of the Defendants.

15. All documents supporting your allegation in paragraph 41 of the Amended Complaint that any of the Bankers Entities "work with Defendants A2i to install ankle monitors."

16. All documents supporting your allegation in paragraph 93 of the Amended Complaint that any of the Bankers Entities participated in or had knowledge of the detention of "Mr. Egana in the Blair's office to force more payments from Ms. Egana and Ms. Brown."

17. All documents supporting your allegation in paragraph 115 of the Amended Complaint that "Defendants do not operate as completely separate entities in managing the bonding process."

18. All documents supporting your allegation in paragraph 120 of the Amended Complaint that any of the Bankers Entities "participates in setting the terms of the contracts signed by principals and indemnitors."

19. All documents supporting your allegation in paragraph 120 of the Amended Complaint that any of the Bankers Entities "participates in . . . identifying individuals who are behind in payments and need to pay."

20. All documents supporting your allegation in paragraph 120 of the Amended Complaint that any of the Bankers Entities "participates in . . . deciding how much money must be collected from individuals to avoid jail."

21. All documents supporting your allegation in paragraph 120 of the Amended Complaint that any of the Bankers Entities "participates in . . . deciding when to install or remove ankle monitors."

22. All documents supporting your allegation in paragraph 120 of the Amended Complaint that any of the Bankers Entities "participates in . . . determining when to surrender principals to jail."

23. All documents supporting your allegation in paragraph 121 of the Amended Complaint that any of the Bankers Entities "knows and intends" that kidnapping, extortion, and extortionate collection of extension of credit "will be committed through its participation in the enterprise."

24. All documents supporting your allegation in paragraph 128 of the Amended Complaint that any of the Bankers Entities "regularly extended or offered to extend consumer credit for which a finance charge was imposed or which, by written agreement, was payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable."

25. All documents reflecting that any of the Bankers Entities "detained Mr. Egana and members of the putative False Imprisonment Subclass against their will," as alleged in paragraph 167 of your Amended Complaint

26. All documents reflecting that any of the Bankers Entities "charged Plaintiffs, and members of the putative Overcharged Class, fees," as alleged in paragraph 176 of your Amended Complaint

27. All documents reflecting that any of the Bankers Entities "retained" any fees charged to Plaintiffs, as alleged in paragraph 176 of your Amended Complaint

28. All documents reflecting that "Plaintiffs and putative Overcharged Class members executed contracts with" any of the Bankers Entities, as alleged in paragraph 185 of the Amended Complaint.

29. All documents reflecting that any of the Bankers Entities "charged Plaintiffs and members of the Unlawful Debt Subclass ankle monitoring fees," as alleged in paragraph 190 of the Amended Complaint

30. All documents reflecting the amount charged to individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services.

31. All documents reflecting individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services and were required to wear an ankle monitor for which a fee was charged.

32. All documents reflecting individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services and that entered into an agreement to pay over time all or a portion of the bail bond premium.

33. All documents reflecting individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services and who had a preexisting balance with either Blair's Bail Bonds, Inc. or New Orleans Bail Bonds, L.L.C.

34. All documents reflecting how any of the Bankers Entities acted on grounds generally applicable to the Overcharged Class, the Unlawful Debt Subclass, and/or the Ankle Monitoring Subclass, as alleged in paragraph 110 of the Amended Complaint.

35. All documents reflecting that individuals who entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services were "charged fees in excess of $25 plus 12.5% of the premium in Jefferson Parish or $25 plus 12% of the premium elsewhere in Louisiana," as alleged in paragraph 97 of your Amended Complaint.

36. All documents reflecting that individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services "were required to pay a fee for an ankle monitor or to pay a previous balance with one or more of the Bonding Defendants," as alleged in paragraph 103 of your Amended Complaint.

37. All documents reflecting that individuals that entered into an agreement with one or more of the Defendants as a "principal" or an "indemnitor" for the provision of bail bond services "were required to pay a fee for an ankle monitor," as alleged in paragraph 104 of your Amended Complaint.

38. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Overcharged Class" as alleged in paragraph 107 (a) through (g) of the Amended Complaint

39. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Deferred Payment Class" as alleged in paragraph 107 (h) of the Amended Complaint

40. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "TILA Subclass" as alleged in paragraph 107 (i) through (n) of the Amended Complaint

41. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Kidnapped Subclass" as alleged in paragraph 107 (o) through (y) of the Amended Complaint

42. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Kidnapped Principal Subclass" as alleged in paragraph 107 (z) through (aa) of the Amended Complaint

43. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Kidnapped Principal With Ankle Monitor Subclass" as alleged in paragraph 107 (bb) through (ff) of the Amended Complaint.

44. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Unlawful Debt Subclass" as alleged in paragraph 107 (gg) through (mm) of the Amended Complaint.

45. All documents reflecting, that call into question, or that you will use to prove, each of the questions of law or fact that you allege are "common" to the "Ankle Monitor Subclass" as alleged in paragraph 107 (nn) of the Amended Complaint.

46. All reflecting, that call into question, or that you will use to prove, that the "claims of the Plaintiffs are typical of those asserted on behalf of the proposed Overcharged Class, Deferred Payment Class, TILA Subclass, Kidnapped Subclass, Kidnapped Principal Subclass, Kidnapped Principal with Ankle Monitor Subclass, Unlawful Debt Subclass, and Ankle Monitor Subclass," as alleged in paragraph 108 of the Amended Complaint.

47. All documents reflecting, that call into question, or that you will use to prove, that "[t]he injuries of the Plaintiffs all arise out of the Defendants' standard policies, practices, and customs" as alleged in paragraph 108 of the Amended Complaint.

48. All documents reflecting, that call into question, or that you will use to prove, that "Plaintiffs will fairly and adequately protect the interests of the proposed Classes and Subclasses", as alleged in paragraph 109 of the Amended Complaint.

49. All documents reflecting, that call into question, or that you will use to prove, that "Plaintiffs have no conflicts with in the interests of the putative class members", as alleged in paragraph 109 of the Amended Complaint.

50. All documents reflecting, that call into question, or that you will use to prove, that "the Defendants employed identical or substantially similar documents when extending credit to

10

those who could not afford to pay bail bonding fees up front, and they acted in a consistent manner," as alleged in paragraph 110 of the Amended Complaint.

51.     All documents reflecting, that call into question, or that you will use to prove, that each of the Defendants, and specifically, each of the Bankers Entities "has acted on ground generally applicable to the Overcharged Class . . . making equitable relief with respect to the Class and Subclasses as a whole appropriate," as alleged in paragraph 110 of the Amended Complaint.

52.     All documents reflecting, that call into question, or that you will use to prove, that "each of the Defendants" and, specifically, each of the Bankers Entities, "has acted on ground generally applicable to the Unlawful Debt Subclass . . . making equitable relief with respect to the Class and Subclasses as a whole appropriate," as alleged in paragraph 110 of the Amended Complaint.

53.     All documents reflecting, that call into question, or that you will use to prove, that "each of the Defendants" and, specifically, each of Bankers Entities, "has acted on ground generally applicable to the Ankle Monitor Subclass . . . making equitable relief with respect to the Class and Subclasses as a whole appropriate," as alleged in paragraph 110 of the Amended Complaint.

54.     All documents reflecting, that call into question, or that you will use to prove, that "[t]he common questions of fact and law predominate over the questions of law and fact affecting individual members of the proposed Classes and Subclasses," as alleged in paragraph 111 of the Amended Complaint.

55.     All documents reflecting, that call into question, or that you will use to prove, that "the questions of law and fact surrounding Defendants' standard policies and practices apply

equally to all members of the respective Class and Subclasses," as alleged in paragraph 111 of the Amended Complaint.

56. All documents reflecting, that call into question, or that you will use to prove, any of the Bankers Entities "standard policies and practices" that you contend apply equally to all members of the respective Class and Subclasses," as alleged in paragraph 111 of the Amended Complaint.

57. All documents reflecting, that call into question, or that you will use to prove, that "proposed Class and Subclass members are all people who could not afford up-front payment of a bail bond or a bail bonding fees (sic), and have little ability to pursue these claims individually" as alleged in paragraph 111 of the Amended Complaint.

58. All documents reflecting, that call into question, or that you will use to prove, that "a class action is a superior method to adjudicate these claims," as alleged in paragraph 111 of the Amended Complaint.

59. All documents reflecting, that call into question, or that you will use to prove, that Plaintiffs' attorneys from the Southern Poverty Law Center and National Consumer Law Center, Inc. have extensive experience in class-action litigation involving civil rights claims, policies and practices that harm consumers, consumer class actions, and contract claims, as alleged in paragraph 112 of the Amended Complaint.

60. The complete Written Report as required by Rule 26(a)(2), Federal Rule of Civil Procedure, for every expert witness who has formed opinions that you intend to introduce to support your request that the Court certify the classes and subclasses.

61. All documents you have provided to any expert witness who has formed opinions that you intend to introduce to support your request that the Court certify the classes and subclasses

and all documents each such expert witness has considered or relied on in forming the opinions to which he or she may testify.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2017, I served a copy of the foregoing document via electronic mail to the following:

| | |
|---|---|
| Ivy Wang, Esquire<br>ivy.wang@splcenter.org<br>Southern Poverty Law Center<br>1055 St. Charles Avenue, Suite 505<br>New Orleans, LA 70130<br>***Attorneys for Plaintiff*** | Caren E. Short, Esquire (**admitted** *pro hac vice*)<br>Sara Zampierin, Esquire (**admitted** *pro hac vice*)<br>Samuel Brooke, Esquire (**admitted** *pro hac vice*)<br>caren.short@splcenter.org<br>sara.zampierin@splcenter.org<br>samuel.brooke@splcenter.org<br>Southern Poverty Law Center<br>400 Washington Avenue<br>Montgomery, AL 36104<br>***Attorneys for Plaintiff*** |
| Kevin J. Holt, Esquire(admitted pro hac vice)<br>Ryanne E. Perio, Esquire (admitted pro hac vice)<br>William Roth, Esquire (admitted pro hac vice)<br>Noah A. Levine, Esquire (admitted pro hac vice)<br>kevin.holt@wilmerhale.com<br>ryanne.perio@wilmerhale.com<br>william.roth@wilmerhale.com<br>noah.levine@wilmerhale.com<br>Wilmer Cutler Pickering Hale and Dorr, LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Attorneys for Plaintiff | Walter F. Becker, Jr., Esquire<br>Charles P. Blanchard, Esquire<br>Nicole C. Katz, Esquire<br>Becker@chaffe.com<br>Blanchard@chaffe.com<br>Katz@chaffe.com<br>Chaffe McCall, LLP<br>2300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2300<br>Attorneys for Defendants,<br>Blair's Bail Bonds, Inc.<br>and New Orleans Bail Bonds, LLC |
| Stephen J. Haedicke, Esquire<br>Gary W. Bizal, Esquire<br>Stephen@haedickelaw.com<br>Gary@haedickelaw.com | |

| | |
|---|---|
| Law Offices of Stephen J. Haedicke, LLC<br>639 Loyola Avenue #1820<br>New Orleans, LA 70113<br>Attorneys for Defendant, A2i LLC,<br>Alternative to Incarceration, Inc.<br>and Alternative to Incarceration NOLA, Inc. | |

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.**

STEPHEN D. MARX (#17041)
PRESTON L. HAYES (#29898)
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080

*and*

**SMOLKER BARTLETT LOEB HINDS & SHEPPARD, P.A.**

/s/ Ethan Loeb
ETHAN J. LOEB (pro hac vice)
Florida Bar No.: 0668338
E. COLIN THOMPSON (pro hac vice)
Florida Bar No.: 0684929
ALLISON DOUCETTE (pro hac vice)
Florida Bar No.: 0085577
100 North Tampa Street, Suite 2050
Tampa, FL 33602
(813) 223-3888; Fax: (813) 228-6422
*Attorneys for the Bankers Entities*