**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RONALD EGANA, SAMANTHA EGANA, and TIFFANY BROWN, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BLAIR'S BAIL BONDS, INC., et al.,<br><br>    Defendants. | **Case No. 2:17-cv-5899**<br>**HON. JANE TRICHE MILAZZO**<br>**SECTION "H"**<br>**HON. DANA M. DOUGLAS (3)**<br><br>**CLASS ACTION** |

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Ronald Egana, Samantha Egana, and Tiffany Brown, on behalf of themselves and those similarly situated (collectively, "Plaintiffs"), hereby move the Court pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure for certification of the following three classes.  In support of this Motion, Plaintiffs state as follows:

1.     Plaintiffs move for certification of and seek to represent a Class (the "Overcharged Class"), which is proposed to be defined as:

> All individuals who as a "principal" or an "indemnitor" entered or will enter into an agreement with one or more of the Defendants for the provision of bail bond services and who are or were charged fees in excess of $25 plus 12.5% of the bail amount in Jefferson Parish or $25 plus 12% of the bail amount elsewhere in Louisiana.

2.     Plaintiffs move for certification of and seek to represent a Class (the "TILA Class"), which is proposed to be defined as:

All individuals who, since June 16, 2016 as a "principal" or an "indemnitor" entered into an agreement with one or more of the Defendants for the provision of bail bond services and who agreed to pay the balance in more than four installments or as to whom the bail bonding fee included the requirement to pay outstanding prior balances.

3.      Plaintiffs move for certification of and seek to represent a Class (the "Surrendered Class"), which is proposed to be defined as:

All individuals who, as a "principal" or an "indemnitor" entered into an agreement with one or more of the Defendants for the provision of bail bond services where the principal was surrendered to jail on or after June 16, 2016, where payments made toward the premium were not refunded, and where no statement of surrender was filed indicating that the principal was surrendered because of one of the following reasons: change of address, concealment, leaving the jurisdiction without permission, failure to appear in court, withdrawal of an indemnitor from his obligation on the bond, or conviction of a felony.

4.      Certification is appropriate under Rule 23(a)(1) because joinder is impracticable.  The Classes include thousands of individuals who are spread across the state, are low-income, and would not have the ability to litigate their claims individually.

5.      Certification is appropriate under Rule 23(a)(2) because the claims of the Classes are common.  The legal and factual issues causing injury to the Classes derive from Defendants illegally overcharging clients who purchase bail bonds from them in order to secure release from jail; Defendants Blair's Bail Bonds, Inc. and New Orleans Bail Bonds, L.L.C. (collectively, "Blair's") extending credit to clients to pay the bond premium without providing adequate information regarding the terms of the credit as required by federal law; and Blair's surrendering clients to jail without returning the amounts they had paid towards their bond premium, in violation of Louisiana law.

2

6.      Certification is appropriate under Rule 23(a)(3) because the claims of Plaintiffs are typical of those of the putative Class members. The challenged practices equally apply to the named Plaintiffs and all other putative members of the Classes.

7.      Certification is appropriate under Rule 23(a)(4) and 23(g) because Plaintiffs can adequately represent the Classes and are represented by competent counsel.  They have no conflicts with the putative Class members, are willing and able to lead the litigation, and have experienced counsel.

8.      Certification is appropriate under Rule 23(b)(2) because Blair's and Bankers have acted on grounds generally applicable to the members of the Overcharged Class through the challenged contract practices which charge clients fees in excess of the statutory maximum. The ongoing violation of Plaintiffs' and putative class members' rights can be resolved through a class-wide injunction. Specifically, Plaintiffs seek an injunction on behalf of the Class that would prohibit Blair's from collecting fees that exceed the lawful maximum under state law and enjoin the continued use of contracts that charge fees that exceed that maximum.

9.      Certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over the issues of individual class members, and because a class action is the superior method for adjudicating the controversy efficiently. For the Overcharged Class, the contract and conversion claims shared by all class members rely entirely on common evidence and are best suited to class adjudication. Similarly, the common statutory scheme that underpins each of the putative TILA Class member's claims weighs in favor of group litigation in a class forum. Finally, the Surrendered Class

members' claims alleging surrender without return of lawfully-owed premiums would be most equitably and efficiently resolved as a class action.

10.     For these reasons and the reasons set forth in the accompanying Memorandum, the Declarations of Ivy Wang, Caren Short, Charles M. Delbaum, Noah Levine, Ronald Egana, and Tiffany Brown, and the exhibits appended thereto, and any other matters presented to the Court, Plaintiffs respectfully request the Court grant this Motion and certify the Classes under Rule 23(a), (b)(2), and (b)(3).

DATED this May 9, 2019.                         Respectfully submitted,

                                                s/ Ivy Wang
                                                Ivy Wang
                                                *On behalf of Plaintiffs' Counsel*

                                                Ivy Wang, La. Bar No. 35368
                                                Clara Potter, La. Bar No. 38377
                                                SOUTHERN POVERTY LAW CENTER
                                                201 St. Charles Avenue, Suite 2000
                                                New Orleans, LA 70170
                                                P: 504-486-8982
                                                F: 504-486-8947
                                                E: ivy.wang@splcenter.org
                                                E: clara.potter@splcenter.org

                                                Caren E. Short*
                                                Sara Zampierin*
                                                Samuel Brooke*
                                                SOUTHERN POVERTY LAW CENTER
                                                400 Washington Avenue
                                                Montgomery, AL 36104
                                                P: 334-956-8200
                                                F: 334-956-8481
                                                E: caren.short@splcenter.org
                                                E: sara.zampierin@splcenter.org
                                                E: samuel.brooke@splcenter.org

Charles M. Delbaum[*]
NATIONAL CONSUMER LAW
CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
P: 617-542-8010
F: 617-542-8028
E: cdelbaum@nclc.org

Noah A. Levine*
Ryanne E. Perio*
Ilya Feldsherov*
William Roth*
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center, 250 Greenwich
Street
New York, NY 10007
P: 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
E: noah.levine@wilmerhale.com
E: ryanne.perio@wilmerhale.com
E: ilya.feldsherov@wilmerhale.com
E: william.roth@wilmerhale.com

*admitted pro hac vice

**Attorneys for Plaintiffs**