UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD EGANA ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-5899 |
| BLAIR'S BAIL BONDS INC. ET AL. | SECTION "H" |

## ORDER AND REASONS

Before the Court are Bankers Insurance Company, Inc. and Bankers Surety Services, Inc.'s Motion for Sanctions (Doc. 183); Amended Motion for Sanctions (Doc. 202); and Motion to Strike (Doc. 197). For the following reasons, the Motions are DENIED.

## BACKGROUND

The facts of this case have been detailed in prior orders and need not be repeated here. On December 10, 2018, Plaintiffs were granted leave to file a Third Amended Complaint ("TAC"). The TAC removed many of the allegations brought under RICO and other tort theories that Plaintiffs had previously set forth against Defendants Bankers Insurance Company, Inc. and Bankers Surety Services, Inc. (the "Bankers Defendants"). The TAC retained only a

1

state law contract claim against the Bankers Defendants. Despite this, however, the TAC and the Third Amended RICO Case Statement ("RICO Statement") also retained many of the factual allegations previously asserted against the Bankers Defendants. Specifically, they continue to allege that the Bankers Defendants are participants in a RICO enterprise that is allegedly engaged in kidnapping, extortion, extortionate collection of an unlawful debt, and false imprisonment. Plaintiffs reassert the allegation that certain employees of Blair's Bail Bonds, Inc. and New Orleans Bail Bonds, LLC (collectively, "Blair's") invoked the Bankers Defendants as the decisionmakers when demanding payment, requiring the use of ankle monitors, and threatening surrender. The Bankers Defendants argue that Plaintiffs now know that these statements are untrue and that the Bankers Defendants had no involvement in these decisions. They therefore argue that Plaintiffs should not be permitted to continue to assert these allegations.

The Bankers Defendants have moved to strike several portions of the TAC and RICO Statement that include allegations against them. Further, they have moved for sanctions against Plaintiffs for continuing to assert these allegations. This Court will consider these requests in turn.

## LAW AND ANALYSIS

### A. Motion to Strike

The Bankers Defendants object to Plaintiffs' allegations about their role in the RICO enterprise and statements made by Blair's employees about the Bankers Defendants. They argue that the basis of Plaintiffs' claims against them has always been statements made by Blair's employees regarding

directions that they received from the Bankers Defendants on how to handle particular bond agreements or the collection of certain debts. The Bankers Defendants argue that because Plaintiffs have admitted that these statements were untrue, they should not be permitted to continue to rely on them to lodge allegations against the Bankers Defendants. Indeed, Plaintiffs have admitted that the Bankers Defendants were not involved in decisions to require defendants to wear ankle monitors, to establish installment plans for the payment of bond premiums, or to surrender defendants to jail when they failed to make payments. The Bankers Defendants argue that despite this Plaintiffs continue to make conclusory allegations that Bankers is a participant in a RICO enterprise. The Bankers Defendants argue that these allegations in the TAC and RICO Statement should be stricken because (1) they have no basis in fact and (2) are scandalous.

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly.[1] Thus, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[2] Whether to grant a motion to strike is committed to the trial court's sound discretion.[3] "Any doubt about whether

---

[1] *See* Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).

[2] Abene v. Jaybar, LLC, 802 F.Supp.2d 716, 723 (E.D.La. 2011) (internal quotation marks omitted); Diesel Specialists, LLC v. Mohawk Traveler M/V, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D.La. Sept. 13, 2011).

[3] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12–2189, 2013 WL 395477, at *2 (E.D.La. Jan. 31, 2013).

the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[4]

At the outset, the Bankers Defendants do not point to any law or case from this Circuit suggesting that the allegations of a complaint should be stricken for being untrue.[5] "A motion to strike particular defenses or allegations from a pleading as 'sham' or 'false' is not authorized specifically in Rule 12(f)."[6] In addition, while the statements relied upon by Plaintiffs may be untrue, the statements were actually made. These statements are relevant to the Plaintiffs' claims against Blair's as evidence of Blair's practice of coercing payments from clients.

Further, the Bankers Defendants have not shown that the allegations of the TAC and RICO Statement are scandalous such that striking them is appropriate. "'[S]candalous' matter improperly casts a derogatory light on someone, most typically on a party to the action[,] but it is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action."[7] "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the

---

[4] Guidry v. Louisiana Lightning, LLC, No. 15-6714, 2016 WL 3127256, at *6 (E.D. La. June 3, 2016.

[5] Rule 11 no longer contains a provision for striking pleadings as sham or false. "The passage has rarely been utilized, and decisions thereunder have tended to confuse the issue of attorney honesty with the merits of the action." FED. R. CIV. PRO. 11 (Committee Notes 1983 Amendment).

[6] §5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1383 (3d ed. 2004).

[7] *Guidry*, 2016 WL 3127256, at *6 (internal quotations omitted) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004)).

4

controversy."[8] The allegations against the Bankers Defendants are relevant not only to Plaintiffs' RICO claims against Blair's but also to their remaining claims against the Bankers Defendants. "These allegations detail the goals and structure of the enterprise and also describe Blair's extortionate conduct and use of the enterprise—including Bankers' role as insurance company on the bonds—as a vehicle through which unlawful . . . activity is committed."[9]

Finally, the Bankers Defendants have not identified any way in which the allegations of the TAC and RICO Statement have caused them prejudice. Indeed, Plaintiffs have withdrawn all RICO and tort claims against the Bankers Defendants. Accordingly, the Bankers Defendants' Motion to Strike is denied.

### B. Motion for Sanctions

The Bankers Defendants next seek sanctions from Plaintiffs pursuant to 28 U.S.C. § 1927 and the Court's inherent power. The Bankers Defendants filed a Motion for Sanctions and an Amended Motion for Sanctions arguing that Plaintiffs should be sanctioned for continuing to assert admittedly false allegations against the Bankers Defendants and for failing to validate the facts of their Complaint prior to bringing a RICO claim against them.

Section 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927

---

[8] *Augustus*, 306 F.2d at 868.
[9] Doc. 204, p. 14.

5

sanctions are not to be awarded lightly. They require evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[10] In addition, "[f]ederal courts have the inherent power to assess sanctions under certain circumstances, such as when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the very temple of justice."[11] "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith."[12]

Accordingly, to succeed on its request for sanctions under either theory, the Bankers Defendants must show that Plaintiffs acted in bad faith. They contend that "Plaintiffs and their counsel acted in bad faith in filing and then maintaining 'patently frivolous' claims against Bankers prior to conducting any reasonable investigation. Plaintiffs' Sanctionable Claims were never based on any cognizable evidence, and became contradicted by the evidence Plaintiffs discovered early and often in this lawsuit."[13] This Court does not find that Plaintiffs actions in this case rise to the level of bad faith. Plaintiffs have shown that they reasonably investigated their claims, used discovery to confirm those allegations, and dismissed claims when discovery showed that the claims may no longer be viable. Plaintiffs brought a RICO claim on the basis of statements made by Blair's employees regarding the involvement of the Bankers Defendants in the bonding process. The fact that these statements were later

---

[10] Gonzalez v. Fresenius Med. Care N. Am., 689 F.3d 470, 479 (5th Cir. 2012) (internal quotations omitted).
[11] Matter of Dallas Roadster, Ltd., 846 F.3d 112, 134 (5th Cir. 2017) (internal quotations omitted).
[12] Sandifer v. Gusman, 637 F. App'x 117, 121 (5th Cir. 2015).
[13] Doc. 183-1, p.9.

6

revealed through discovery to be false does not render the claims brought in bad faith. Accordingly, sanctions are not appropriate.

## **CONCLUSION**

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana this 13th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**