IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD EGANA, SAMANTHA EGANA, and TIFFANY BROWN, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLAIR'S BAIL BONDS, INC., et al.,<br><br>Defendants. | Case No. 2:17-cv-5899<br>HON. WENDY B. VITTER<br>SECTION "D"<br>HON. DANA M. DOUGLAS (3)<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs respectfully request the Court to reconsider its order contained in the minute entry dated June 13, 2019. Doc. 256. The Court ordered that Plaintiffs may obtain information for 100 persons—including multiple bonds—but limited the search to bonds on or after June 16, 2016. Plaintiffs request that the Court reconsider its order and require Blair's to produce Captira data for all bonds and statements of surrender and payment arrangement pages from the last five years for the 100 sampled class members, for the reasons discussed below.

First, the claim of the Overcharged Class is brought under Article 7 of the Louisiana Civil Code, which prohibits individuals from violating laws enacted in the public interest. Claims brought under La Civ. Code Art. 7 do not prescribe. La. Civ. Code Ann. art. 2032. Therefore, the 100 sampled class members have claims which predate June 16, 2016, and Plaintiffs should be able to conduct discovery on this narrowed sample of class members. While Plaintiffs specify a date of June 16, 2016 in their class certification motion, this date is relevant to only the two other classes that Plaintiffs seek to certify: the TILA class and the Surrendered class, whose claims

1

under the Truth in Lending Act and for conversion under Louisiana state law have one-year statute of limitations and prescriptive periods, respectively. 15 U.S.C. § 1640(e); La. Civ. Code art. 3492.Thus, Plaintiffs seek discovery on all bonds for the 100 sampled class members, since these class members have potential contract claims for all bonds they have entered into with Blair's, regardless of date.

Moreover, even if Plaintiffs were concerned only with overcharges on bonds after June 16, 2016, Plaintiffs would still need to view records related to class members' earlier bonds. Plaintiffs bring their claims for overcharging and under TILA based on the theory that Blair's wrongfully required indemnitors on new bonds to pay for earlier bonds on which they were not signatories. Doc. 188 ¶¶ 151(d), 208. The experience of Plaintiffs, Ronald Egana and his indemnitors, Tiffany Brown and Samantha Egana, illustrate this practice. Although the bond that is at the center of this litigation was arranged in May 2016, Mr. Egana also had bail bonds from Blair's dating from 2010, 2013, and 2014. Each of these bonds had an outstanding balance on the premium. Tiffany Brown and Samantha Egana were not indemnitors on all of these prior bonds. Yet, unbeknownst to them, the balance on these prior bonds was added to the total that they owed on Mr. Egana's 2016 bond. *Id*. ¶ 73-74. Plaintiffs allege that amounts that Ms. Egana and Ms. Brown paid were applied to the balances on these older bonds. *Id*. ¶ 94. Thus, information on the prior bonds, including the total amount owed and whether later payments were applied to them, lies at the heart of the Overcharged Class's contract claims. If denied access to bonds prior to June 16, 2016, Plaintiffs will not be able to gain insight on Blair's practice of overcharging indemnitors by holding them liable on earlier bonds that they were not parties to. Moreover, for the Surrendered class, the date of June 16, 2016 is relevant as the *date of surrender*, and to be surrendered on that date a class member would

necessarily have entered into a bond agreement before that date. Thus, even for overcharges and surrenders made after June 16, 2016, Plaintiffs must look to records of earlier bonds.

Finally, requiring Blair's to produce Captira records for bonds prior to June 16, 2016 will not create any additional burden. Instead, Captira generates records of bonds by defendant, and this is how Blair's has produced some Captira records to date, as the below screenshot from Captira illustrates:



3

| Charges | | |
|---|---|---|
| Date | Amount | |
| 10/10/10 | $390.00 | Bond Charges |
| 10/10/10 | $10.00 | OTHER |
| 06/17/13 | $2,600.00 | Bond Charges |
| 06/17/13 | $25.00 | ADMIN FEE |
| 06/17/13 | $44.00 | Jail Fees |
| 07/16/14 | $3,120.00 | Bond Charges |
| 07/16/14 | $100.00 | TRAVEL FEE |
| 07/16/14 | $25.00 | ADMIN FEE |
| 07/16/14 | $30.00 | JAIL FEE |
| 06/17/16 | $3,120.00 | Bond Charges |
| 06/17/16 | $100.00 | TRAVEL FEE |
| 06/17/16 | $30.00 | JAIL FEE |
| 06/17/16 | $25.00 | ADMIN FEE |

Doc. 244-2 at 138. Indeed, Blair's would likely need to do the additional work of redacting information on older bonds from Captira reports if it wanted to withhold Captira records on earlier bonds.

While retrieving payment arrangement pages and statements of surrender for bonds prior to June 2016 may require additional searching of Blair's physical files, Blair's counsel has represented that Blair's stores physical files for approximately the past five years on-site in its regularly used filing system. Thus, Blair's would need only need to search other file locations for bonds that are more than five years old, and even these Blair's counsel has represented are kept on-site at Blair's office. At the very least, Blair's should be required to put forth a reasonable effort to search its on-site files for bonds for the narrow sample of 100 people that the Court has ordered.

Accordingly, Plaintiffs respectfully request that the Court reconsider its order and require Blair's to produce Captira records for all bonds for the 100 sampled class members; require production of statements of surrender and payment arrangement pages for all bonds since 2014; and require a reasonable search of Blair's on-site records for statements of surrender and

payment arrangement pages for bonds older than 2014. Plaintiffs reached out to Blair's to inquire as to whether they will oppose this motion, and have not heard back.

DATED this June 14, 2019.　　　Respectfully submitted,

/s/ Ivy Wang
Ivy Wang
*On behalf of Plaintiffs' Counsel*

Ivy Wang, La. Bar No. 35368
Clara Potter, La. Bar No. 38377
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
P: 504-228-7279
F: 504-486-8947
E: ivy.wang@splcenter.org
E: clara.potter@splcenter.org

Caren E. Short*
Sara Zampierin*
Samuel Brooke*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
P: 334-956-8200
F: 334-956-8481
E: caren.short@splcenter.org
E: sara.zampierin@splcenter.org
E: samuel.brooke@splcenter.org

Charles M. Delbaum*
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
P: 617-542-8010
F: 617-542-8028
E: cdelbaum@nclc.org

Noah A. Levine*
Ryanne E. Perio*
Ilya Feldsherov*
William Roth*

5

WILMER CUTLER PICKERING HALE AND
   DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
P: 212-230-8800
F: 212-230-8888
E: noah.levine@wilmerhale.com
E: ryanne.perio@wilmerhale.com
E: ilya.feldsherov@wilmerhale.com
E: william.roth@wilmerhale.com

*admitted pro hac vice*

**Attorneys for Plaintiffs**